Anthony HOWELL, Movant,

v.

**UNITED STATES of America, Respondent.**

No. 97 Civ. 5084 (MGC).

United States District Court, S.D. New York.

July 28, 1997.

Anthony Howell, Brooklyn, NY, pro se.

*OPINION AND ORDER*

CEDARBAUM, District Judge.

On July 14, 1997, Anthony Howell moved pursuant to 28 U.S.C. § 2255 to vacate or correct his sentence. Howell alleges that he pled guilty in the Southern District of New York to "distribution and possession of cocaine" and that he was sentenced on May 20, 1987, to a five-year prison term and a five-year term of special parole. He did not appeal the sentence. The only ground for

relief asserted by Howell is that "[t]he 1984 Sentencing Reform Act, which was to begin in 1986, did away with special parole and the special parole term included in my sentence is unlawful."

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), effective April 24, 1996, amended 28 U.S.C. § 2255 to add the following time limitation:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In an effort to qualify for subsection (4), Howell asserts in the petition that "until now I was not aware of a claim upon which relief could be granted." However, Howell does not allege any newly discovered facts. With respect to subsection (3), Howell cannot rely on the Supreme Court decision in *Gozlon–Peretz v. United States*, 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991), in which the Court held that supervised release rather than special parole applies for certain drug offenses committed between October 27, 1986, and November 1, 1987. Howell has had more than six years to assert that claim.

This motion was filed more than one year after April 24, 1996, the effective date of the AEDPA, and more than one year after the judgment of conviction became final. Accordingly, the motion is untimely. In accordance with Rule 4 of the Rules Governing Section 2255 Proceedings, since it plainly appears from the face of the motion and the prior proceedings in the case that movant is not entitled to relief in this court, the motion is dismissed.

SO ORDERED.